FILED
May 27, 2026
03:26 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **KELLY RAY**<br>        **Employee,** | **Docket No. 2025-50-4092** |
| | |
| **v.** | **State File No. 61607-2024** |
| **LEWIS BROS. BAKERY, INC. OF TN,**<br>        **Employer,** | **Judge Robert Durham** |
| | |
| **And**<br>**ZURICH AMERICAN INS. CO.,**<br>        **Insurer.** | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

Ms. Ray asked for a panel of orthopedists for left-knee treatment after her original authorized doctor refused to treat her any longer. Lewis Brothers did not file any evidence or argument opposing the request. For the following reasons, the Court orders Lewis Brothers to submit a panel of orthopedists.

### History of Claim

Ms. Ray was climbing down a ladder on August 23, 2024, when her foot slipped, causing her to "skid down the ladder uncontrollably." She landed on her feet but experienced intense pain in her knees and legs, although the left knee was much worse.

Lewis Brothers authorized treatment with orthopedist Robert Greenberg, who recommended left-knee surgery within two months of the accident. For some reason unexplained by the record, Ms. Ray did not have surgery.

Nearly a year later, Ms. Ray's counsel wrote to Dr. Greenberg for his causation opinion on both knees. Dr. Greenberg responded that he was "unclear" on

1

whether Ms. Ray's right knee complaints were related to her work injury. In addition, he recommended that she get a "second opinion or possibly a transfer of care to a different orthopedic surgeon secondary to an ineffective doctor/patient relationship and poor communication." Later he confirmed that Ms. Ray should be referred to a new orthopedist for consideration of left-knee surgery.

## Law and Analysis

To obtain her requested relief, Ms. Ray must show a likelihood of prevailing at a compensation hearing on treatment from a new orthopedist for her left-knee injury. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

Under section 50-6-204(a)(3)(H), treatment recommended by a panel-selected physician is presumed medically necessary. Further, under section 50-6-204(a)(3)(E), when the treating physician has referred the employee to another specialist physician, the new doctor the employee chooses from a panel becomes the employee's treating physician.

Here, the undisputed facts establish that Dr. Greenberg is Ms. Ray's treating doctor, and he has referred her to another orthopedist for treatment. The Court holds that Lewis Brothers must give Ms. Ray another panel of orthopedists from which she may choose a new treating doctor.

IT IS ORDERED.

1. Lewis Brothers shall submit a panel of orthopedists from which Ms. Ray may choose a new treating doctor. Lewis Brothers shall schedule an appointment with the chosen doctor to address Ms. Ray's injury.

2. This case is set for a status conference on **July 1, 2026**, at **1:30 p.m. Central Time, 2:30 p.m. Eastern Time**. The parties must call 615-253-0010 or 855-689-9049 to participate. Failure to call might result in a determination of the issues without the party's participation.

ENTERED May 26, 2026.

_____
**JUDGE ROBERT DURHAM**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Ray's Rule 72 declaration
2. Dr. Greenberg's responses to letters from Ms. Ray's counsel

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent on May 26, 2026.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Chris Markel | | X | cmarkel@markelfirm.com |
| Gabi Jackson | | X | gjackson@manierherod.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*